IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO: 5:21-CV-173

**TRACIE BEARD,**
individually and on behalf of all
others similarly situated,

        **CLASS ACTION**

    Plaintiff,

        **JURY TRIAL DEMANDED**

v.

**JOHN HIESTER CHEVROLET,**

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Tracie Beard brings this class action against Defendant John Hiester Chevrolet ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2. To promote its automotive dealership, vehicle inventory, and services, Defendant engages in unsolicited prerecorded calls without the requisite express written consent.

3. Defendant also uses prerecorded messages to market its goods and services to individuals' cellular phone numbers without first obtaining the required express written consent.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life

1

of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of North Carolina.

8. Defendant is a corporation whose principal office is located in North Carolina. Defendant directs, markets, and provides its business activities throughout the state of North Carolina.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using … an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14. In 2012, the FCC issued an order further restricting automated <u>telemarketing</u> calls, requiring "prior express <u>written</u> consent" for such calls. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

15. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

3

17. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

18. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

20. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## **FACTS**

22. Defendant called Plaintiff's cellular telephone number ending in 0677 ("0677 Number") with multiple pre-recorded voice messages and cellular telephone number ending in 6590 ("0690 Number") with multiple pre-recorded voice messages. Both phone numbers received a prerecorded message on or about October 28, 2020, November 24, 2020. The 6590 Number received a third prerecorded message on December 22, 2020.

23. Plaintiff had to stop what she was doing and listen to the pre-recorded messages. Additionally, Defendant's calls occupied Plaintiff's cellular telephone lines and rendered the devices unavailable for the receipt of other calls.

24. The October 28, 2020 pre-recorded messages stated:

Hey this is Ryan calling with John Hiester Chevrolet of Fuquay. Hey wanted to give you a call real quick to see if your still in the market for a vehicle and now the reason I'm asking is that we only have a few days left in October and Ray, our General Manager just let us know that we have to sell nineteen more vehicles to hit our sales objective and he said look it doesn't matter were making every single deal. So the reason I'm calling you is because this would be an unbelievable opportunity for you to save a ton of money. We have to hit the sales objective. We've got some extra money from General Motors but again we only have until the end of October. So, please give us a call back if you are interested at 919-887-8455. Hope to hear from you soon.

25. The November 24, 2020 prerecorded messages stated:

Hey this is Ryan calling with John Hiester Chevrolet of Fuquay. Hey I was trying to get ahold of you to make sure that you saw the email that we sent about our huge Black Friday event where were giving up to over 4000 dollars over book value. We're doing this for November 21st until the 28th. Trade-ins never been worth more money but we need as many as possible so we are willing to pay up to 4000 dollars over book value and the best part is that Black Friday the 27th, we are going to be giving away free oil changes from 9am till 12pm. Its first come first serve so please get there early. But again its 4000 dollars over book value. Give us a call at 919-421-4739 and we can set up an appointment for you to come and see the sales department. Hope to see you soon. Thanks bye.

26. The December 22, 2020 prerecorded message stated:

Hey this is Ryan calling with John Hiester Chevrolet of Fuquay. I was trying to get ahold of you today, um, we've got to hit a sales goal… We have some extra incentive money that we can use before Christmas. We only have a few days to do it and we've got to sell 21 more vehicles by close of business Wednesday. So, if you are still interested, this is a deal we normally wouldn't be able to do. Give us a call at 919-887-8455 and we can go over all the details. Hope to speak to you soon. Thanks. Bye.

27. The purpose of Defendant's prerecorded messages was to market its dealership and sell vehicles to Plaintiff.

5

28. When Plaintiff listened to the prerecorded message, she was easily able to determine that it was prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

29. Upon information and belief, the numbers Defendant used to call Plaintiff (919-887-8455, 919-421-4739 and 919-887-8455) are owned and or operated by or on behalf of Defendant.

30. Defendant's prerecorded message call constitutes telemarketing/advertising because it encouraged her to purchase, rent, or invest in property, goods, or services of the Defendant.

31. Plaintiff is the subscriber and/or sole user of the 6590 and 0677 Numbers.

32. The 6590 Number has been on the National Do Not Call Registry since 2013.

33. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted using a pre-recorded message on either the 6590 or 0677 Numbers.

34. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

35. Defendant's unsolicited prerecorded message caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

37. Plaintiff brings this case on behalf of the Class defined as follows:

**NO CONSENT**: All persons in the United States who, within four years prior to the filing of this action, (1) were sent a prerecorded message by or on behalf of Defendant, (2) regarding Defendant's goods, products or services, and (4) for which Defendant failed to secure the called party's express written consent and/or after the called party requested to not received future prerecorded messages from Defendant.

38. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

39. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

40. Upon information and belief, Defendant has placed prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

41. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

42. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

   b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   c) Whether Defendant's conduct was knowing and willful;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

   e) Whether Defendant should be enjoined from such conduct in the future.

43. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone

services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

44. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

45. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

46. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

47. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and No Consent Class)**

48. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

49. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

50. Defendant – or third parties directed by Defendant – used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below.

51. Defendant – or third parties directed by Defendant – used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

52. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

53. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using a prerecorded message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

54. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

55. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

**WHEREFORE**, Plaintiff, on behalf of herself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c. An injunction prohibiting Defendant from transmitting artificial or pre-recorded voice messages to telephone without the prior express consent of the called party;

d. An award of actual, statutory damages, and/or trebled statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: April 14, 2021

s/ David M. Wilkerson
DAVID M. WILKERSON
NC State Bar No. 35742
Attorney for Plaintiff
The Van Winkle Law Firm
11 N. Market Street
Asheville, North Carolina 28801
(828)258-299 (phone)
(828)257-2767 (fax)
dwilkerson@vwlawfirm.com

Ignacio Hiraldo, Esq.
IJhiraldo@Hiraldolaw.com
**IJH Law**
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469
*Pro Hac Vice to be filed*

*Attorneys for Plaintiff and the Proposed Class*