# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRACIE BEARD, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **CASE NO. 5:21-cv-00173-D** |
| vs. | **JURY TRIAL DEMANDED** |
| JOHN HIESTER CHEVROLET, LLC, | |
| *Defendant*. | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that Defendant produce the following documents and things for inspection and copying, subject to any outstanding objections, within 30 days from date of service hereof.

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A. "Defendant" or "You" or "Your" shall mean, as applicable, Defendant John Hiester Chevrolet, LLC, and/or any and all other person(s) acting on its behalf or at its direction or control, including, but not limited to, present or former employees, staff personnel, agents, sub-agents, any party or entity possessing or utilizing a telephone system on behalf of said Defendant as described in the operative Complaint, servants, consultants, investigators, contractors or subcontractors, advisors, counsel, accountants, representatives, or any other person compensated

1

by you, regardless of whether such compensation is based in whole or in part on commission or some other measure of performance or otherwise and regardless of whether considered or classified as independent contractors.

B. The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films. Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

C. "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

D. "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was

prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

   E.  "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

   F.  "Prerecorded Message(s)" shall mean a message using an artificial or prerecorded voice that contained the same or substantially similar wording as the Subject Prerecorded Messages, as well as any messages using an artificial or prerecorded voice sent for the same purpose as the Subject Prerecorded Messages including, but not limited to, for the purpose of advertising, marketing, and/or promoting Your dealership, goods, vehicle inventory, and/or services.

   G.  "Subject Prerecorded Message(s)" shall mean previously recorded voice messages which were sent to Plaintiff by You or on Your behalf as identified in the operative First Amended Complaint.

## **INSTRUCTIONS**

   A.  You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computer's hard drive, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

   B.  Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a format compatible to litigation-support databases and review systems. Such documents should contain searchable text and searchable metadata in a load file format.

3

Case 5:21-cv-00173-D  Document 20-2  Filed 08/10/21  Page 3 of 8

C. Should you refuse, in whole or in part, to produce documents responsive hereto in reliance on a claim of privilege, please state:

    a. The name of the sender(s) of the document;

    b. The name of the author(s) of the document;

    c. The name of the person(s) to whom copies were sent or otherwise made available;

    d. The job title of every person named in (a), (b) and (c) above;

    e. The date of the document;

    f. The date on which the document was received by each addressee or other recipient;

    g. A brief description of the nature and subject matter of the document;

    h. The statute, rule or decision which is claimed to give rise to the privilege; and

    i. The detailed factual basis for the claim of privilege.

D. We request that all lists, call logs, transmission reports, disposition reports, or detail call records be produced in either Native Format, in Microsoft Excel format, or as comma-separated value (CSV) files.

## **RULES OF CONSTRUCTION**

A. <u>All/Each</u> – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

B. <u>And/Or</u> – The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

C. The use of the singular form of any word shall include the plural and vice versa.

D. The masculine gender includes the feminine.

E. <u>Objections.</u> Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

F. <u>Continuing Duty</u>. This request is continuing and all responsive information you subsequently learn of which you would have been required to produce had it been available at an earlier time shall be produced forthwith in accordance with the Federal Rules of Civil Procedure.

## **REQUESTS FOR PRODUCTION TO DEFENDANT**

1. Every insurance agreement under which any insurance business—irrespective of whether you have or intend to make such a claim—may be liable (i) to satisfy all or part of a possible judgment against You in this action, (ii) to indemnify You, (iii) to reimburse You for payments made to satisfy the judgment, or (iv) to pay for Your defense of this lawsuit.

2. All contracts or agreements between you and any third-party regarding the transmission of the Prerecorded Messages.

3. All communications between You and any third-party regarding the transmission of the Prerecorded Messages.

4. All invoices or receipts regarding payment to any third-party for transmission of the Prerecorded Messages.

5. Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

6. Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Subject Prerecorded Messages.

7. Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Prerecorded Messages.

8. Documents sufficient to identify the following information regarding recipients of Prerecorded Messages: name, home address, email address, phone numbers, and any other personal identifying information.

9. Documents sufficient to identify each source(s) from which you obtained each

telephone number to which Prerecorded Messages were transmitted.

10. All call logs, disposition reports, transmission reports, or computer-generated document, sufficient to identify (1) the total number of Prerecorded Messages attempted, (2) the date and time of each Prerecorded Message was attempted, and (3) the result of each attempted transmission, i.e., whether each transmission was successfully completed.

11. All documents regarding or referring to Plaintiff.

12. All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

13. All of Your formal written policies or procedures related to TCPA compliance, including Do Not Call rules compliance.

14. Documents sufficient to identify your policies, practices, or procedures for transmitting Prerecorded Messages.

15. Documents sufficient to identify the criteria used to select or obtain the list of telephone numbers to which Prerecorded Messages were sent.

16. Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Prerecorded Messages prior to You sending the Subject Prerecorded Messages.

17. Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Prerecorded Messages prior to You sending those individuals Prerecorded Messages.

18. Documents sufficient to identify the reason(s) why the Subject Prerecorded Messages or Prerecorded Messages were sent.

19. All documents pertaining to the marketing or promotion of Your goods or services through the use of the Prerecorded Messages.

20. All manuals, procedures, policies, or instructions related to Your use of Prerecorded Messages.

21. Documents sufficient to identify how You generate revenue.

22. Documents sufficient to identify the total revenue, if any, You generated as a result of the Prerecorded Messages.

23. All documents that recorded in writing any complaint received by You from any recipient of a Prerecorded Messages regarding receipt of the Prerecorded Message.

24. Documents sufficient to identify each individual that requested You not contact them by telephone after that individual received a Prerecorded Message.

25. All documents you have received claiming that you have violated the Telephone Consumer Protection Act or the Do Not Call rules.

26. Audio copies of each version of the Prerecorded Messages, including any draft versions.

27. All documents regarding the wording of the Prerecorded Messages, including any scripts of the wording of the Prerecorded Messages.

28. All communications between You and Plaintiff.

Dated: May 25, 2021

By: **IJH LAW**

*/s/ Ignacio J. Hiraldo*
Ignacio J. Hiraldo, Esq.
(*pro hac vice*)
1200 Brickell Ave., Suite 1950
Miami, FL 33131
E: ijhiraldo@ijhlaw.com
T: 786-496-4469

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 25, 2021, I electronically served the foregoing document on counsel for Defendant.

                                                */s/ Ignacio J. Hiraldo*
                                                Ignacio J. Hiraldo, Esq.
                                                (*pro hac vice*)
                                                1200 Brickell Ave., Suite 1950
                                                Miami, FL 33131
                                                E: ijhiraldo@ijhlaw.com
                                                T: 786-496-4469