IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

**TRACIE BEARD, individually and on behalf of all others similarly situated,**

*Plaintiff*,

vs.

**JOHN HIESTER CHEVROLET, LLC,**

*Defendant.*

_____/

CLASS ACTION

CASE NO. 5:21-cv-00173-D

JURY TRIAL DEMANDED

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

1. Every insurance agreement under which any insurance business—irrespective of whether you have or intend to make such a claim—may be liable (i) to satisfy all or part of a possible judgment against You in this action, (ii) to indemnify You, (iii) to reimburse You for payments made to satisfy the judgment, or (iv) to pay for Your defense of this lawsuit.

   **NONE (see insurance agreement provided with the initial disclosures which contains TCPA coverage exclusions)**

2. All contracts or agreements between you and any third-party regarding the transmission of the Prerecorded Messages.

   **OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, and on information and belief, none.**

3. All communications between You and any third-party regarding the transmission of the Prerecorded Messages.

   **OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action,**

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit.

4. All invoices or receipts regarding payment to any third-party for transmission of the Prerecorded Messages.

**OBJECTION. This Request is not** relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit.

5. Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

**OBJECTION. This Request is not** relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.

6. Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Subject Prerecorded Messages.

**OBJECTION. This Request is not** relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.

7. Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Prerecorded Messages.

**OBJECTION. This Request is not** relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.

8. Documents sufficient to identify the following information regarding recipients of Prerecorded Messages: name, home address, email address, phone numbers, and any other personal identifying information.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.**

9. Documents sufficient to identify each source(s) from which you obtained each telephone number to which Prerecorded Messages were transmitted.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.**

10. All call logs, disposition reports, transmission reports, or computer-generated document, sufficient to identify (1) the total number of Prerecorded Messages attempted, (2) the date and time of each Prerecorded Message was attempted, and (3) the result of each attempted transmission, i.e., whether each transmission was successfully completed.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.**

11. All documents regarding or referring to Plaintiff.

**Upon information and belief, all such documents were provided as part of the Initial Disclosures.**

12. All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

**Upon information and belief, all such documents were provided as part of the Initial Disclosures.**

13. All of Your formal written policies or procedures related to TCPA compliance, including Do Not Call rules compliance.

   **OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none as these services are managers by third parties.**

14. Documents sufficient to identify your policies, practices, or procedures for transmitting Prerecorded Messages.

   **OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none as these services are managers by third parties.**

15. Documents sufficient to identify the criteria used to select or obtain the list of telephone numbers to which Prerecorded Messages were sent.

   **OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none as these services are managers by third parties.**

16. Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Prerecorded Messages prior to You sending the Subject Prerecorded Messages.

   **OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none as these services are managers by third parties. Further, see**

**documents provided with the Initial Disclosures.**

17. Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Prerecorded Messages prior to You sending those individuals Prerecorded Messages.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none as these services are managers by third parties. Further, see the documents provided with the Initial Disclosures.**

18. Documents sufficient to identify the reason(s) why the Subject Prerecorded Messages or Prerecorded Messages were sent.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Further, the request is vague. Without waiving, see the documents provided with the Initial Disclosures.**

19. All documents pertaining to the marketing or promotion of Your goods or services through the use of the Prerecorded Messages.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none as these services are managers by third parties. Further, see the documents provided with the Initial Disclosures.**

20. All manuals, procedures, policies, or instructions related to Your use of Prerecorded Messages.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit.**

**Without waiving, none as these services are managers by third parties. Further, see the documents provided with the Initial Disclosures.**

21. Documents sufficient to identify how You generate revenue.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit.**

22. Documents sufficient to identify the total revenue, if any, You generated as a result of the Prerecorded Messages.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit.**

23. All documents that recorded in writing any complaint received by You from any recipient of a Prerecorded Messages regarding receipt of the Prerecorded Message.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.**

24. Documents sufficient to identify each individual that requested You not contact them by telephone after that individual received a Prerecorded Message.

**OBJECTION. This Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.**

25. All documents you have received claiming that you have violated the Telephone Consumer Protection Act or the Do Not Call rules.

**OBJECTION.  This Request is not** relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.

26. Audio copies of each version of the Prerecorded Messages, including any draft versions.

**OBJECTION.  This Request is not** relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.

27. All documents regarding the wording of the Prerecorded Messages, including any scripts of the wording of the Prerecorded Messages.

**OBJECTION.  This Request is not** relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, none.

28. All communications between You and Plaintiff.

**OBJECTION.  This Request is not** relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, see the documents provided with the Initial Disclosures.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically served the foregoing document on counsel for Plaintiff as follows:

Ignacio Javier Hiraldo
ijhiraldo@ijhlaw.com

David Matthew Wilkerson
dwilkerson@vwlawfirm.com

Respectfully submitted this 24th day of June, 2021.

/s/ Robert A. Buzzard
Robert A. Buzzard
BUZZARD LAW FIRM
Counsel for Defendant
728 S. Main Street
PO Box 700
Lillington, NC 27546
(910) 893-2900 (phone)
(910) 758-2457 (fax)
tbuzzard@buzzlawfirm.com
NC State Bar No. 18494