## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA

TRACIE BEARD, individually and on behalf of all others similarly situated,

    *Plaintiff*,

vs.

JOHN HIESTER CHEVROLET, LLC,

    *Defendant*.

_____/

CLASS ACTION

CASE NO. 5:21-cv-00173-D

JURY TRIAL DEMANDED

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Identify every insurance agreement under which any insurance business—irrespective of whether you have or intend to make such a claim—may be liable (i) to satisfy all or part of a possible judgment against You in this action, (ii) to indemnify You, (iii) to reimburse You for payments made to satisfy the judgment, or (iv) to pay for Your defense of this lawsuit.

    ANSWER: **None (see initial disclosure for insurance policy with exclusions)**

2. Identify any third-party that was involved in the transmission of the Prerecorded Messages and, for each, their role in the transmission of the Prerecorded Messages.

    **ANSWER: Upon information and belief:**

**Webbuy (4120 King Ave. W., Suite 1, Billings, MT 59106) runs a website on which the phone numbers are received when provided by the subject. Webbuy receives express written consent for use of the personal information such as cell phone numbers, stores that**

1

information and transmits that information to Dealersocket.

Dealesocket (7301 State Hwy 161, Suite 400, Irving, TX 75039) stores information such as that received from Webbuy from various sources including Edmunds, Car Gurus, True Car, Cars.com, Auto Trader and Kelly Blue Book.

Direct Marketing Group, LLC (3509 Haworth Drive, Suite 305, Raleigh, NC 27609) directs and handles all aspects of the initiation of Prerecorded Messages that were sent via ringless, no charge, no data voicemail drops into cell phone numbers received from Dealersocket.

3. Identify the total number of Prerecorded Messages that have been sent.

**ANSWER: OBJECTION. This Interrogatory is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, Defendant is not in possession of the requested information.**

4. Describe the method or process by which Prerecorded Messages were sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Prerecorded Messages.

**ANSWER: OBJECTION. This Interrogatory is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at**

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, and upon information and belief, the process and methods for sending Prerecorded Messages were managed by Direct Marketing Group, LLC. Direct Marketing Group, LLC sends ringless, no cost, no data voicemail drops into a cell phone for a cellphone number of persons who provided express written consent for same and obtains these numbers from Dealersocket. Dealersocket receives numbers from various sources as noted above.

5. Describe the manner in which the list(s) of telephone numbers to which Prerecorded Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**ANSWER: OBJECTION. This Interrogatory is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, see reply to #4 above.**

6. Identify the name(s) of the individual(s) who prepared and/or approved the content of the Prerecorded Messages.

ANSWER: OBJECTION. This Interrogatory is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, Defendant is not in possession of information which could result in a response. The process and methods requested regarding content were managed by Direct Marketing Group, LLC.

7. Describe what type of consent or permission, if any, You obtained from Plaintiff to send the Subject Prerecorded Messages prior to sending the Subject Prerecorded Messages.

ANSWER: Upon information and belief, and as supported by documentation provided Plaintiff in the initial disclosure, it appears that:

Plaintiff called Defendant to make an inquiry about a motor vehicle and provided her name as Tracey Wilferd and her cell phone number as the 0659 number. The person who received Plaintiff's call provided the 0659 number to a sales manager who then provided the number to a sales associate to call Plaintiff back. The sales associate was not able to reach the Plaintiff despite attempt. On the same date, Plaintiff made an inquiry through a Webbuy run website concerning the purchase of the same vehicle which she called about when she identified herself as Tracey Wilferd and provided the 0659 number. However, on her on-line inquiry through the Webbuy website, Plaintiff identified herself as Tracy Beard and provided her cell phone number as the 0677 number. In the process of providing this information, Plaintiff not only specifically requested to speak with

4

Defendant when she made her call to Defendant about a vehicle purchase, but through her website inquiry acknowledged in writing, by checking the appropriate box, the terms of service, privacy notice and privacy policy of Webbuy which provides, among other things, express permission for her to be contacted for various purposes (including marketing purposes) using the personal information she provides by any number of vendors/companies. These same terms, to which Plaintiff agreed, also provide Plaintiff a manner to terminate the continuing contact by such vendors/companies to whom Webbuy provides their information.

8. Describe what type of consent or permission, if any, You obtained from recipients of the Prerecorded Messages prior to sending the Prerecorded Messages.

ANSWER: OBJECTION. This Interrogatory is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, Webbuy and other businesses who supply information to Dealersocket, obtain express written consent to be contacted.

9. Describe the reason(s) why Subject Prerecorded Messages were sent to Plaintiff.

ANSWER: Upon information and belief, Prerecorded Messages were sent to

5

Plaintiff due to her request via direct phone call, and in response to her request through Webbuy, concerning the purchase of a vehicle.

10. Describe the reason(s) why the Prerecorded Messages were sent.

ANSWER: OBJECTION. This Interrogatory is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, it is Defendant's understanding that Prerecorded Messages are sent to persons who provide express written consent for same in response to an inquiry by said person about a vehicle purchase.

11. Identify the name, employment position, and home address of anyone whose voice appears in the Prerecorded Messages.

ANSWER: OBJECTION. This Interrogatory is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Further, the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving, the aspect of inquiry in this Interrogatory is/was managed by Direct Marketing Group, LLC and that at times different persons may be the persons whose voice

6

Case 5:21-cv-00173-D   Document 20-5   Filed 08/10/21   Page 6 of 8

may be used on a message. Upon information and belief, Ryan Fuller of Direct Marketing Group.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically served the foregoing document on counsel for Plaintiff as follows:

Ignacio Javier Hiraldo
ijhiraldo@ijhlaw.com

David Matthew Wilkerson
dwilkerson@vwlawfirm.com

Respectfully submitted this 24th day of June, 2021.

/s/ Robert A. Buzzard
Robert A. Buzzard
BUZZARD LAW FIRM
Counsel for Defendant
728 S. Main Street
PO Box 700
Lillington, NC 27546
(910) 893-2900 (phone)
(910) 758-2457 (fax)
tbuzzard@buzzlawfirm.com
NC State Bar No. 18494



By: _____ Asst. Controller

Print Name: Bennett Johnson

**STATE OF NOTH CAROLINA**

**COUNTY OF HARNETT**

    **BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _Bennett Johnson_ who being by me first duly sown, deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and correct.

    **SWORN TO AND SUBSCRIBED before** me this _24_ day of _June_, 2020.

_Cheryl B. Irvin_

Notary Public, State of _NC_

My Commission Expires: _8-27-2025_