# Ignacio Hiraldo

| | |
|---|---|
| **From:** | Robert A. Buzzard <tbuzzard@buzzlawfirm.com> on behalf of Robert A. Buzzard |
| **Sent:** | Monday, August 9, 2021 9:25 PM |
| **To:** | 'Ignacio Hiraldo'; esalmon@salmonfirm.com |
| **Cc:** | meisenband@eisenbandlaw.com; 'Cheryl Ivin'; mhiraldo@hiraldolaw.com |
| **Subject:** | RE: Beard v. Hiester |

Ignacio,

We do not intend to revise and stand by our prior objections. It is even more clear now, given Ms. Beard's deposition, that she does not have a valid claim and that she is not in a class. Further, she could not be a reasonable representative. Ms. Beard clearly lied under oath on multiple occasions in the attempt to make out a claim that is not supported in law or fact. Therefore, we will be asking the Court to deny the requested class discovery and, in upcoming filings, to dismiss her claim and for other and further appropriate relief.

Without waiving prior objections, I have received information that there may have been a contract with DMG in the past and my client is trying to locate a copy of same. I do not think it should be required production at this point but wanted to let you know as this had been discussed previously.

Tony

Robert A. "Tony" Buzzard
BUZZARD LAW FIRM
PO Box 700
728 S. Main Street
Lillington, NC 27546
910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

---

**From:** Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Sent:** Monday, August 9, 2021 9:56 AM
**To:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; Cheryl Ivin <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Subject:** RE: Beard v. Hiester

Tony,

Following up on the below. We intend to get our motion to compel on file this evening, so please let me know if Defendant is willing to revise its responses.

Best,

Ignacio J. Hiraldo, Esq.
**IJH Law**
1200 Brickell Ave
Suite 1950
Miami, FL 33131
t. 786-496-4469
f. 786-628-9291
ijhiraldo@ijhlaw.com
www.ijhlaw.com



This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege, attorney work-product privilege, other confidentiality protections, and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

---

**From:** Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Sent:** Friday, August 6, 2021 11:22 AM
**To:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; Cheryl Ivin <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Subject:** RE: Beard v. Hiester

Thanks Tony.

Will Defendant be sending updated responses with your below results (where there are no documents) or do you prefer we add that to our motion?

Best,

Ignacio J. Hiraldo, Esq.
**IJH Law**
1200 Brickell Ave
Suite 1950
Miami, FL 33131
t. 786-496-4469
f. 786-628-9291
ijhiraldo@ijhlaw.com
www.ijhlaw.com



This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential. It also may be subject to the attorney-client privilege, attorney work-product privilege, other confidentiality protections, and may constitute inside information. If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents. If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately. Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

**From:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Thursday, August 5, 2021 2:49 PM
**To:** 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; 'Cheryl Ivin' <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com
**Subject:** RE: Beard v. Hiester

I understand. Given her deposition testimony, proceed at your own risk.

Robert A. "Tony" Buzzard
BUZZARD LAW FIRM
PO Box 700
728 S. Main Street
Lillington, NC 27546
910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

**From:** Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Sent:** Thursday, August 5, 2021 1:48 PM
**To:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; Cheryl Ivin <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Subject:** RE: Beard v. Hiester

Thank you. As we have reached an impasse on these issues, Plaintiff will be moving to compel.

Best,

Ignacio J. Hiraldo, Esq.
**IJH Law**
1200 Brickell Ave

Suite 1950
Miami, FL 33131
t. 786-496-4469
f. 786-628-9291
ijhiraldo@ijhlaw.com
www.ijhlaw.com



This email message (including any attachments) is only for use by the intended recipient(s) and is presumed confidential.  It also may be subject to the attorney-client privilege, attorney work-product privilege, other confidentiality protections, and may constitute inside information.  If you are not an intended recipient, you may not review, copy, distribute, or otherwise use this message or its contents.  If you received this message in error, please notify the sender and delete this message (including any attachments) from your system immediately.  Any unauthorized reading, copying, distribution, or other use of this message or its contents is strictly prohibited and may be unlawful.

**From:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Sunday, August 1, 2021 11:07 PM
**To:** 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; 'Cheryl Ivin' <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com
**Subject:** RE: Beard v. Hiester

IGNACIO,  SEE OUR REPLIES IN HIGHLIGHTED CAPS BELOW

1. Response to RFPs
    a. RFP 2

        We would like to confirm there are no written agreements between Defendant and any of the third parties listed in the interrogatories, including Direct Marketing.

        Although you have been told none exist, you will reach out to client to see if there are any written agreements with Webbuy, Dealersocket, or Direct Marketing Group.

        THERE ARE NO WRITTEN AGREEMENTS AS TO ANY CALL/VOICEMAIL/VOICEDROP CAMPAIGNS

    c. RFP 3

        This is an improper boilerplate objection. Further, this is relevant to issues of vicarious liability for the calls.

> Plaintiff agreed to limit this request to just written communications with Direct Marketing group. Although you have been told none exist, you will reach out to client to see if there are any.
>
> MY CLIENT IS RUNNING SOME SEARCHES TO SEE IF ANY SUCH DOCUMENTS EXIST BUT OUR OBJECTION REMAINS AS SUCH PRODUCTION IS PREMATURE.

d. RFP 4

   This is an improper boilerplate objection. Further, this is relevant to issues of vicarious liability for the calls.

   Plaintiff agreed to limit this to just invoices or receipts with Direct Marketing. You will reach out to client to see if any exist.

   MY CLIENT DID PAY DMG AND HAS GENERCI INVOICES FROM DMG. AS STATED PREVIOUSLY, PRODUCTION OF SUCH MATERIAL IS PREMATURE BASED ON THE FACTS ALLEGED AND YOUR CLIENT'S DEPOSITION

e. RFP 8, 9, 10

   This is an improper boilerplate objection. Further, this information is relevant to various class certification issues, such as numerosity, ascertainability, and superiority. Finally, if Defendant is able to obtain these documents from its vendor, it is under an obligation to do so. *See* Mantha v. QuoteWizard.com, LLC, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *10 (D. Mass. Mar. 16, 2021).

   To resolve any concerns about solicitation, Plaintiff agreed to either stipulate to not contacting any individuals listed prior to a class being certified, or having the personal information produced in redacted form. Defendant's position is that it does not have possession of any of these and is premature because of above threshold issues, but you would check to see if any summary reports or similar documents were sent to Defendant after each campaign.

   NONE EXIST OF WHICH MY CLIENT IS AWARE

f. RFPS 15-17

   Consent is Defendant's affirmative defense. To the extent Defendant will be relying on a consent defense, it is under an obligation to produce documents it intends to rely on to support that defense.

   Plaintiff agreed to limit to exemplars of each type of consent rather than requiring every form. Defendant's position is that it is not in possession of these documents as this was being done by Direct Marketing.

   THE PREVIOUSLY STATED POSITION IS CORRECT, WE HAVE NO SUCH DOCUMENTS

g. RFPS 21-22

These are improper boilerplate objections. Further, any financial gain Defendant obtained is relevant to the question of vicarious liability, particularly the ratification doctrine.

Plaintiff withdrew request for RFP 21. For RFP 22, you believe no such document exists showing revenue generated as result of prerecorded messages, but will double check.

NONE EXIST

h. RFP 26-27

This is an improper boilerplate objection. Further, this information is relevant to the purpose of the calls. Finally, if Defendant is able to obtain these documents from its vendor, it is under an obligation to do so. *See* Mantha v. QuoteWizard.com, LLC, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *10 (D. Mass. Mar. 16, 2021).

You will check to see if there are any written communications regarding the wording of the messages, but do not think any exist.

NONE EXIST OF WHICH MY CLIENT IS AWARE. THERE IS ONE VOICE RECORDING FROM RYAN FULLER THAT MY CLIENT HAS IN AUDIO.

2. Responses to Interrogatories
    a. Defendant's responses to almost all of the Interrogatories contain improper boilerplate objections. Eshelman v. Puma Biotechnology, Inc., No. 7:16-CV-18-D, 2018 U.S. Dist. LEXIS 58949, at *24 (E.D.N.C. Apr. 6, 2018) ("The party seeking the court's protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.") (citing *Carefirst of Md., Inc.*, 334 F.3d at 402-03; *Mainstreet Collection*, 270 F.R.D. at 240 (recognizing that boilerplate objections are not proper)).
    b. Rog No. 3

        The number of prerecorded messages put out goes to class certification issues of numerosity.

    Defendant's position is that it does not have possession of any of these and is premature because of above threshold issues, but you would check to see if any summary reports or similar documents were sent to Defendant after each campaign.

    AM I INFORMED THAT MY CLIENT DOES NOT HAVE ANY SUCH REPORTS ABOUT HOW MANY MESSAGES ARE/WERE SENT RE TOTAL NUMBER, MONTHLY, BY CAMPAIGN OR OTHERWISE

    c. Rog No. 6

        If anyone at Defendant worked with Direct Marketing to create the content of the messages, that is responsive and relevant to issues of vicarious liability.

<span style="color:red">You will check to see if there are any written communications regarding the wording of the messages, but do not think any exist.</span>

<mark>NONE EXIST OF WHICH MY CLIENT IS AWARE. THEY ARE CHECKING BUT OUR OBJECTION WILL REMAIN AS SUCH PRODUCTION IS PREMATURE</mark>.

Robert A. "Tony" Buzzard
BUZZARD LAW FIRM
PO Box 700
728 S. Main Street
Lillington, NC 27546
910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

**From:** Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Sent:** Wednesday, July 21, 2021 9:02 AM
**To:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; Cheryl Ivin <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Subject:** RE: Beard v. Hiester

Tony,

Following up on this issue. Thanks,

**Ignacio J. Hiraldo, Esq.**
1200 Brickell Ave
Suite 1950
Miami, FL 33131
t. 786-496-4469
f. 786-628-9291
ijhiraldo@ijhlaw.com
www.ijhlaw.com

**From:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Thursday, July 15, 2021 10:44 AM
**To:** 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; 'Cheryl Ivin' <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com
**Subject:** RE: Beard v. Hiester

Will do.

Robert A. "Tony" Buzzard
BUZZARD LAW FIRM
PO Box 700
728 S. Main Street
Lillington, NC 27546
910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

**From:** Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Sent:** Thursday, July 15, 2021 9:52 AM
**To:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; Cheryl Ivin <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Subject:** RE: Beard v. Hiester

No agreement yet, please let us know when you hear back from your client. Thanks,

**Ignacio J. Hiraldo, Esq.**
1200 Brickell Ave
Suite 1950
Miami, FL 33131
t. 786-496-4469
f. 786-628-9291
ijhiraldo@ijhlaw.com
www.ijhlaw.com

**From:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Tuesday, July 13, 2021 5:47 PM
**To:** 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
**Cc:** meisenband@eisenbandlaw.com; 'Cheryl Ivin' <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com
**Subject:** RE: Beard v. Hiester

I think you have summarized the discussion adequately. I have reached out to our client re some of the things we discussed and will let you know if we have additional responsive documents or responses. Did you come to any agreement with Direct Marketing Group re production?

Robert A. "Tony" Buzzard
BUZZARD LAW FIRM
PO Box 700
728 S. Main Street
Lillington, NC 27546
910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

From: Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
Sent: Friday, July 9, 2021 12:59 PM
To: Tony Buzzard <tbuzzard@buzzlawfirm.com>; esalmon@salmonfirm.com
Cc: meisenband@eisenbandlaw.com; Cheryl Ivin <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
Subject: RE: Beard v. Hiester

All,

Thank you for your time yesterday, although we disagree on the issues I think it was a productive conversation and appreciate your taking the time to explain your positions.

Please see below for my notes from the call, let me know if I missed anything or did not understand your position correctly.

Best,

Ignacio

_____

**Threshold Issues:** Defendant's position is that class discovery is premature because of its position that Plaintiff (1) gave consent, and (2) is not a typical class representative. Plaintiff disagrees and believes because Court has not bifurcated and because Plaintiff has to support her future motion for class certification with evidence discovery is appropriate at this time.

Specific Requests – With understanding that Defendant's position is that threshold issue above applies to all requests.

1. Response to RFPs
    a. Defendant's responses to almost all of the RFPs are improper boilerplate objections. *See Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 U.S. Dist. LEXIS 58949, at *24 (E.D.N.C. Apr. 6, 2018) ("The party seeking the court's protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.") (citing *Carefirst of Md., Inc.*, 334 F.3d at 402-03; *Mainstreet Collection*, 270 F.R.D. at 240 (recognizing that boilerplate objections are not proper)).
    b. RFP 2
        We would like to confirm there are no written agreements between Defendant and any of the third parties listed in the interrogatories, including Direct Marketing.

        <span style="color:red">Although you have been told none exist, you will reach out to client to see if there are any written agreements with Webbuy, Dealersocket, or Direct Marketing Group.</span>

9

c. RFP 3

   This is an improper boilerplate objection. Further, this is relevant to issues of vicarious liability for the calls.

   Plaintiff agreed to limit this request to just written communications with Direct Marketing group. Although you have been told none exist, you will reach out to client to see if there are any.

d. RFP 4

   This is an improper boilerplate objection. Further, this is relevant to issues of vicarious liability for the calls.

   Plaintiff agreed to limit this to just invoices or receipts with Direct Marketing. You will reach out to client to see if any exist.

e. RFP 8, 9, 10

   This is an improper boilerplate objection. Further, this information is relevant to various class certification issues, such as numerosity, ascertainability, and superiority. Finally, if Defendant is able to obtain these documents from its vendor, it is under an obligation to do so. *See* Mantha v. QuoteWizard.com, LLC, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *10 (D. Mass. Mar. 16, 2021).

   To resolve any concerns about solicitation, Plaintiff agreed to either stipulate to not contacting any individuals listed prior to a class being certified, or having the personal information produced in redacted form. Defendant's position is that it does not have possession of any of these and is premature because of above threshold issues, but you would check to see if any summary reports or similar documents were sent to Defendant after each campaign.

f. RFPS 15-17

   Consent is Defendant's affirmative defense. To the extent Defendant will be relying on a consent defense, it is under an obligation to produce documents it intends to rely on to support that defense.

   Plaintiff agreed to limit to exemplars of each type of consent rather than requiring every form. Defendant's position is that it is not in possession of these documents as this was being done by Direct Marketing.

g. RFPS 21-22

   These are improper boilerplate objections. Further, any financial gain Defendant obtained is relevant to the question of vicarious liability, particularly the ratification doctrine.

10

<span style="color:red">Plaintiff withdrew request for RFP 21. For RFP 22, you believe no such document exists showing revenue generated as result of prerecorded messages, but will double check.</span>

    h. RFP 26-27

        This is an improper boilerplate objection. Further, this information is relevant to the purpose of the calls. Finally, if Defendant is able to obtain these documents from its vendor, it is under an obligation to do so. *See* Mantha v. QuoteWizard.com, LLC, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *10 (D. Mass. Mar. 16, 2021).

<span style="color:red">You will check to see if there are any written communications regarding the wording of the messages, but do not think any exist.</span>

2. Responses to Interrogatories
    a. Defendant's responses to almost all of the Interrogatories contain improper boilerplate objections. Eshelman v. Puma Biotechnology, Inc., No. 7:16-CV-18-D, 2018 U.S. Dist. LEXIS 58949, at *24 (E.D.N.C. Apr. 6, 2018) ("The party seeking the court's protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.") (citing *Carefirst of Md., Inc.*, 334 F.3d at 402-03; *Mainstreet Collection*, 270 F.R.D. at 240 (recognizing that boilerplate objections are not proper)).
    b. Rog No. 3

        The number of prerecorded messages put out goes to class certification issues of numerosity.

<span style="color:red">Defendant's position is that it does not have possession of any of these and is premature because of above threshold issues, but you would check to see if any summary reports or similar documents were sent to Defendant after each campaign.</span>

    c. Rog No. 6

        If anyone at Defendant worked with Direct Marketing to create the content of the messages, that is responsive and relevant to issues of vicarious liability.

<span style="color:red">You will check to see if there are any written communications regarding the wording of the messages, but do not think any exist.</span>

**Ignacio J. Hiraldo, Esq.**
1200 Brickell Ave
Suite 1950
Miami, FL 33131
t. 786-496-4469
f. 786-628-9291
ijhiraldo@ijhlaw.com
www.ijhlaw.com

**From:** Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Sent:** Thursday, July 8, 2021 8:28 AM
**To:** Ignacio Hiraldo <ijhiraldo@ijhlaw.com>; Tony Buzzard <tbuzzard@buzzlawfirm.com>
**Cc:** meisenband@eisenbandlaw.com; esalmon@salmonfirm.com; Cheryl Ivin <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com
**Subject:** RE: Beard v. Hiester

Good morning,

Please use the below dial in for this morning's call in lieu of the one on the invite:

Dial In Number: 786-730-9570
Participant Pin: 29938


**Ignacio J. Hiraldo, Esq.**
1200 Brickell Ave
Suite 1950
Miami, FL 33131
t. 786-496-4469
f. 786-628-9291
ijhiraldo@ijhlaw.com
www.ijhlaw.com

**From:** Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Sent:** Wednesday, July 7, 2021 2:33 PM
**To:** Tony Buzzard <tbuzzard@buzzlawfirm.com>
**Cc:** meisenband@eisenbandlaw.com; esalmon@salmonfirm.com; Cheryl Ivin <cirvin@buzzlawfirm.com>; mhiraldo@hiraldolaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>
**Subject:** RE: Beard v. Hiester

Tony,

In advance of tomorrow's call, please see below for items we would like to discuss.

   2. Response to RFPs
        a. Defendant's responses to almost all of the RFPs are improper boilerplate objections. *See Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 U.S. Dist. LEXIS 58949, at *24 (E.D.N.C. Apr. 6, 2018) ("The party seeking the court's protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.") (citing *Carefirst of Md., Inc.*, 334 F.3d at 402-03; *Mainstreet Collection*, 270 F.R.D. at 240 (recognizing that boilerplate objections are not proper)).
        b. RFP 2

>
> We would like to confirm there are no written agreements between Defendant and any of the third parties listed in the interrogatories, including Direct Marketing.

  d. RFP 3
  > This is an improper boilerplate objection. Further, this is relevant to issues of vicarious liability for the calls.
  e. RFP 4
  > This is an improper boilerplate objection. Further, this is relevant to issues of vicarious liability for the calls.
  f. RFP 8, 9, 10
  > This is an improper boilerplate objection. Further, this information is relevant to various class certification issues, such as numerosity, ascertainability, and superiority. Finally, if Defendant is able to obtain these documents from its vendor, it is under an obligation to do so. *See* Mantha v. QuoteWizard.com, LLC, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *10 (D. Mass. Mar. 16, 2021).
  g. RFPS 15-17
  > Consent is Defendant's affirmative defense. To the extent Defendant will be relying on a consent defense, it is under an obligation to produce documents it intends to rely on to support that defense.
  h. RFPS 21-22
  > These are improper boilerplate objections. Further, any financial gain Defendant obtained is relevant to the question of vicarious liability, particularly the ratification doctrine.
  i. RFP 26-27
  > This is an improper boilerplate objection. Further, this information is relevant to the purpose of the calls. Finally, if Defendant is able to obtain these documents from its vendor, it is under an obligation to do so. *See* Mantha v. QuoteWizard.com, LLC, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *10 (D. Mass. Mar. 16, 2021).

3. Responses to Interrogatories
   a. Defendant's responses to almost all of the Interrogatories contain improper boilerplate objections. Eshelman v. Puma Biotechnology, Inc., No. 7:16-CV-18-D, 2018 U.S. Dist. LEXIS 58949, at *24 (E.D.N.C. Apr. 6, 2018) ("The party seeking the court's protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.") (citing *Carefirst of Md., Inc.*, 334 F.3d at 402-03; *Mainstreet Collection*, 270 F.R.D. at 240 (recognizing that boilerplate objections are not proper)).
   b. RFP No. 3
      > The number of prerecorded messages put out goes to class certification issues of numerosity.
   d. RFP No. 6

> If anyone at Defendant worked with Direct Marketing to create the content of the messages, that is responsive and relevant to issues of vicarious liability.

**Ignacio J. Hiraldo, Esq.**
1200 Brickell Ave
Suite 1950
Miami, FL 33131
t. 786-496-4469
f. 786-628-9291
ijhiraldo@ijhlaw.com
www.ijhlaw.com

---

**From:** Tony Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Thursday, June 24, 2021 8:17 PM
**To:** mhiraldo@hiraldolaw.com
**Cc:** meisenband@eisenbandlaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com; Cheryl Ivin <cirvin@buzzlawfirm.com>
**Subject:** Re: Beard v. Hiester

9a?

Sent from my iPhone

> On Jun 24, 2021, at 8:13 PM, mhiraldo@hiraldolaw.com wrote:
>
> July 8 works, what time?
>
> > **From:** Tony Buzzard <tbuzzard@buzzlawfirm.com>
> > **Sent:** Thursday, June 24, 2021 8:13 PM
> > **To:** mhiraldo@hiraldolaw.com
> > **Cc:** meisenband@eisenbandlaw.com; Ignacio Hiraldo <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
> > **Subject:** Re: Beard v. Hiester
> >
> > I am in trial next week as is Mrs. Salmon. I have time the afternoon of July 6 or on July 8.
> >
> > Sent from my iPhone
> >
> > > On Jun 24, 2021, at 7:12 PM, mhiraldo@hiraldolaw.com wrote:

Please let me know your availability to go over these requests and objections. I have the following dates open: 7/1 and 7/2.

In advance of the call, I will send you a list of the responses/objections I would like to discuss.

---

**From:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Thursday, June 24, 2021 4:50 PM
**To:** mhiraldo@hiraldolaw.com
**Cc:** meisenband@eisenbandlaw.com; 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
**Subject:** RE: Beard v. Hiester

See attached responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents.

Robert A. "Tony" Buzzard
BUZZARD LAW FIRM
PO Box 700
728 S. Main Street
Lillington, NC 27546
910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

---

**From:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Wednesday, June 23, 2021 9:10 PM
**To:** mhiraldo@hiraldolaw.com
**Cc:** meisenband@eisenbandlaw.com; 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
**Subject:** RE: Beard v. Hiester

See attached responses to Plaintiff's First Set of Requests for Admission.

Robert A. "Tony" Buzzard
BUZZARD LAW FIRM
PO Box 700
728 S. Main Street
Lillington, NC 27546
910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

---

**From:** mhiraldo@hiraldolaw.com <mhiraldo@hiraldolaw.com>
**Sent:** Wednesday, June 23, 2021 8:13 PM
**To:** 'Tony Buzzard' <tbuzzard@buzzlawfirm.com>

**Cc:** meisenband@eisenbandlaw.com; 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
**Subject:** RE: Beard v. Hiester

Thanks, we do not consent to the extension.

---

**From:** Tony Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Wednesday, June 23, 2021 8:12 PM
**To:** mhiraldo@hiraldolaw.com
**Cc:** meisenband@eisenbandlaw.com; Ignacio Hiraldo <ijhlaw@ijhlaw.com>; esalmon@salmonfirm.com
**Subject:** Re: Beard v. Hiester

My last email should have stated we are NOT going to waive any objections if that is what you are asking. I guess that makes more sense in response to your inquiry now. My apologies.

While I haven't made decisions yet about objections, I highly doubt we will voluntarily be providing class data at this juncture.

Sent from my iPhone

> On Jun 23, 2021, at 7:46 PM, mhiraldo@hiraldolaw.com wrote:
>
> That is helpful, but I'm not sure it answers my question. Is your client producing class data and what will they be working on gathering during the 30 days requested?
>
> **From:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>
> **Sent:** Wednesday, June 23, 2021 6:24 PM
> **To:** mhiraldo@hiraldolaw.com
> **Cc:** meisenband@eisenbandlaw.com; 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; esalmon@salmonfirm.com
> **Subject:** RE: Beard v. Hiester
>
> We are going to waive any objections if that is what you are asking.
>
> Robert A. "Tony" Buzzard
> BUZZARD LAW FIRM
> PO Box 700
> 728 S. Main Street
> Lillington, NC 27546

910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

**From:** mhiraldo@hiraldolaw.com <mhiraldo@hiraldolaw.com>
**Sent:** Wednesday, June 23, 2021 5:54 PM
**To:** tbuzzard@buzzlawfirm.com
**Cc:** meisenband@eisenbandlaw.com; 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>; mhiraldo@hiraldolaw.com; esalmon@salmonfirm.com
**Subject:** RE: Beard v. Hiester

Tony,

Before we can provide a response, we need confirmation that the document production will include all class data, including outbound call logs and all documentation supporting any consent defense.

Regards,
Manny

**From:** Robert A. Buzzard <tbuzzard@buzzlawfirm.com>
**Sent:** Wednesday, June 23, 2021 5:43 PM
**To:** 'Ignacio Hiraldo' <ijhiraldo@ijhlaw.com>
**Cc:** 'Elisa Salmon' <esalmon@salmonfirm.com>
**Subject:** Beard v. Hiester

Good evening. We are working on responses to your discovery requests and will need some additional time. Do you consent to a 30 day extension for same?

Robert A. "Tony" Buzzard
BUZZARD LAW FIRM
PO Box 700
728 S. Main Street
Lillington, NC 27546
910.893.2900
tbuzzard@buzzlawfirm.com
www.buzzlawfirm.com

<RESPONSE TO P's First Request for Production.pdf>
<RESPONSES TO P's FIRST SET OF INTERROGATORIES.pdf>
<RESPONSE TO P's FIRST SET OF REQUESTS FOR ADMISSION.pdf>