IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-173-D

TRACIE BEARD, individually and on )
behalf of all others similarly situated, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
JOHN HIESTER CHEVROLET, LLC, )
)
    Defendant. )

This matter is before the court on Plaintiff's motion to compel Defendant to respond to discovery sought in Plaintiff's First Request for Production of Documents and First Set of Interrogatories, the motion having been referred for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) by the Honorable James C. Dever III, United States District Judge. The issues raised have been fully briefed, and Plaintiff's motion is ripe for decision.

## BACKGROUND

This is a putative class action asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff claims that Defendant has violated the TCPA by "us[ing] prerecorded messages to market its goods and services to individuals' cellular phone numbers without . . . express written consent." (Am. Compl. [DE #7] ¶ 3.) Plaintiff seeks to certify the following class:

> All persons in the United States who, within four years prior to the filing of this action, (1) were sent a prerecorded message by or on behalf of Defendant, (2) regarding Defendant's goods, products, or services, and [(3)] for which Defendant failed to secure the called party's express written consent and/or after the called party requested to not receive[] future prerecorded messages from Defendant.

(Am. Compl. ¶ 37.) Defendant denies the material allegations in Plaintiff's Amended Complaint. (Answer [DE #13].)

Plaintiff filed the instant motion seeking to compel responses to certain interrogatories and document production requests ("RFPs") served on Defendant. Defendant opposes Plaintiff's motion, specifically objecting to class discovery. Defendant argues the undisputed facts reveal that Plaintiff's claim is without merit and Plaintiff therefore cannot serve as a class representative, thereby defeating any putative class claim. (Def.'s Resp. Mot. Compel [DE #22] at 7–8.)

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance is "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *EEOC v. Sheffield Fin., LLC*, No. 1:06-CV-00889, 2007 WL 1726560, at *3 (M.D.N.C.

2

June 13, 2007). "[T]he party resisting discovery generally bears the burden to demonstrate why the discovery should not be permitted." *Bost v. Wexford Health Sources, Inc.*, No. 1:15-CV-3278-ELH, 2020 WL 1890506, at *8 (D. Md. Apr. 15, 2020) (first citing *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018); and then citing *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005)).

There are "four factual predicates necessary for any class claim to proceed: 'numerosity, commonality, typicality, and adequacy of representation.'" *Hicks v. Houston Baptist Univ.*, No. 5:17-CV-629-FL, 2020 U.S. Dist. LEXIS 8382, at *5 (E.D.N.C. Jan. 17, 2020) (quoting *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 337 (4th Cir. 1998)). In determining whether class certification is appropriate, a court must look beyond the pleadings and consider whether a plaintiff satisfies the requirements of Fed. R. Civ. P. 23. Thus, pre-certification discovery related to numerosity, commonality, typicality, and representation of a TCPA claim is generally allowed. *See Hicks*, 2020 U.S. Dist. LEXIS 8382, at *5–6, 14 (finding requested discovery "highly probative" of class certification issues, proportional to the needs of the case, and not an undue burden); *Jones v. Safe Sts. USA LLC*, No. 5:19-CV-394-BO, 2020 WL 3261096, at *3 (E.D.N.C. June 16, 2020) ("[T]he requested information, including call logs and customer lists, has been determined in other TCPA actions to be relevant and not unduly burdensome."); *Medina v. Enhanced Recovery Co.,* No. 15-14342-CIV, 2017 WL 5196093, at *4 (S.D. Fla. Nov. 9, 2017) ("Plaintiffs are entitled to the opportunity to explore and obtain information relevant

3

to the Rule 23 requirements—numerosity, commonality, typicality, and adequate representation—in order to meet their burden on these issues.").

Plaintiff, here, seeks to compel discovery of the following:

- documents concerning Defendant's relationship with third-party vendors involved in making the alleged calls (RFP 2 (written agreements), RFP 3 (written communications), RFP 4 (receipts and invoices);

- call logs and other information concerning the individuals to whom prerecorded messages were sent by Defendant or its vendor (RFPs 8, 9, 10; Interrog. 3);

- documents (or exemplars thereof) to support Defendant's claim that putative class members consented to the calls (RFPs 15–17);

- documents identifying revenue generated from the calls at issue (for the purpose of determining whether Defendant is vicariously liable based upon ratification of its vendors' actions) (RFP 22); and

- the names of employees involved in creating the prerecorded messages (Interrog. 6).

This information is relevant to Plaintiff's claim and class certification issues. Defendant has not met its burden to demonstrate that the discovery sought is not proportional to the case or should otherwise not be allowed. *See Hicks*, 2020 U.S. Dist. LEXIS 8382, at *11 ("Defendant may contest the typicality or commonality of plaintiff's claims . . . in opposition to a motion for class certification on a complete record."). Accordingly, the court orders Defendant to supplement its discovery responses.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery [DE #20] is GRANTED. Defendant shall have until **March 31, 2022**, to supplement its discovery responses.

This 16th day of March 2022.

                                         KIMBERLY A. SWANK
                                         United States Magistrate Judge