UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO: 5:21-cv-00173-D

**TRACIE BEARD,**
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

**JOHN HIESTER CHEVROLET, LLC,**

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION TO DEFER RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]

Plaintiff Tracie Beard, pursuant to Federal Rule of Civil Procedure 56(d), moves to defer ruling on Defendant John Hiester Chevrolet, LLC's Motion for Summary Judgement, [DE 10], and in support states as follows:

### I. BACKGROUND

Defendant has re-written this Court's Scheduling Order, the Federal Rules of Civil Procedure, and the Court's Order granting Plaintiff's Motion to Compel Discovery. Under the schedule Defendant has unilaterally entered for this matter, the only discovery that is allowed is the discovery Defendant believes is necessary to support its motion for summary judgment.

---

[1] In the event the Court denies the instant motion, Plaintiff respectfully requests two (2) weeks from the date of the Court's order to file a response to Defendant's Motion for Summary Judgment. The grounds for denying or deferring ruling on the summary judgment motion also demonstrate good cause for extending the time to respond under Federal Rule of Civil Procedure 6.

1

Defendant has also granted itself numerous discovery extensions in this matter, even in light of the Court's order compelling it to produce class discovery.

Respectfully, the Court should not condone these actions and should defer Plaintiff's response to Defendant's Motion for Summary Judgment until twenty-one (21) days after the discovery period has closed. This time is necessary for Plaintiff to depose Defendant and the non-parties whose declarations Defendant's Motion for Summary Judgment relies on. *See* Declaration of Ignacio J. Hiraldo, attached as **Exhibit A**, at ¶¶ 3-7. The Court should further order Defendant to comply with this Court's Order granting Plaintiff's Motion to Compel, and that the scope of any deposition that takes place is not limited to individual issues.

Plaintiff will also, through separate motion, move this Court to amend its previously entered Scheduling Order. The reason for this request is that many of the dates that the Court entered are no longer feasible because of Defendant's actions.

## II. PROCEDURAL HISTORY AND BACKGROUND

On July 7, 2021, the Court entered its Scheduling Order in this matter. [DE 16]. Per the Scheduling Order, expert reports were due March 25, 2022, with rebuttal reports due on April 22, 2022. *Id.* at pg. 1. The Scheduling Order also entered a discovery completion deadline of May 27, 2022, and a dispositive motion deadline of June 24, 2022. *Id.*

On May 25, 2021—almost a year ago—Plaintiff served Defendant with Plaintiff's First Requests for Production and Plaintiff's First Set of Interrogatories. *See* Exhibit A-C to Plaintiff's Motion to Compel, [DEs 20-1-20-3]. On June 24, 2021, Defendant served its written responses to Plaintiff's discovery requests. *See* Exhibits D-E to Plaintiff's Motion to Compel, [DEs 20-4; 20-5]. Defendant objected to all class discovery. *Id.*

On August 10, 2021, Plaintiff filed a Motion to Compel due to Defendant's failure to produce any class wide discovery, despite this Court not having bifurcated discovery in this matter and having set an expert deadline of March 25, 2022, a discovery completion deadline of May 27, 2022, and a dispositive motions deadline of June 24, 2022. *See* Scheduling Order, [DE 16] at pg. 1.

On August 31, 2021—long after the Court entered its Scheduling Order, after Defendant's discovery responses were due, and after Plaintiff had to move to compel Defendant to produce the discovery it should have produced—Defendant filed a Motion to Bifurcate Discovery or in the Alternative to Stay Discovery. [DE 23]. According to that motion, and as noted by the Court in its order dismissing it without prejudice, "Defendant represents '[a] dispositive motion is forthcoming,' with an anticipated filing within thirty days." Order, [DE 30] (quoting Mot. Bifurcate or Stay, [DE 23] at pg. 10).

Defendant's purported dispositive motion never arrived. The reason why, as explained by Defendant itself in a newly filed motion to stay, was that Defendant had granted itself a stay while it waited for "relevant information based on pending FCC inquiries" regarding whether a ringless voicemail is a call under the TCPA—something every court to analyze the issue has found is the case despite creative arguments that these are not "calls". Defendant's Second Motion to Stay, [DE 36], at pg. 1.

On March 16, 2022—Defendant's purported dispositive motion not having been filed in over six months since Defendant's purported anticipated filing of thirty days—Magistrate Judge Kimberly A. Swank granted Plaintiff's Motion to Compel and ordered Defendant to produce class discovery in this matter, holding that, "This information is relevant to Plaintiff's claim and class certification issues. Defendant has not met its burden to demonstrate that the discovery sought is

3

not proportional to the case or should otherwise not be allowed." Order Granting Motion to Compel, [DE 31] at pg. 4. Magistrate Judge Swank ordered that Defendant "shall have until March 31, 2022, to supplement its discovery responses." *Id.* at pg. 5.

Rather than respond to discovery as ordered, Defendant took the time the Magistrate Judge gave it to respond to draft a flurry of motions, including (1) a Second Motion to Stay Discovery, [DE 36], (2) a "Motion to Extend Time to Provide Certain Class Discovery Pending the Court Ruling on Defendant's Renewed Motion to Stay", [DE 37], and (3) a Motion for Summary Judgment (filed over numerous docket entries), *see* [Des 32; 33; 34; 35; 38].

As to the discovery it was ordered to produce, Defendant did not do so. Defendant's supplemental responses added new objections and "explanations" to the requests, including that it will not respond to certain requests until its new motion to stay is ruled upon. *See* Defendant's Second Supplemental Response to Plaintiff's First Request for Production, attached as **Exhibit B**, Defendant's Second Supplemental Response to Plaintiff's First Set of Interrogatories, attached as **Exhibit C**; *see also* Defendant's Motion for Extension of Time, [DE 37] at pg. 3 (stating, "Defendant requests that the Court grant an extension of time to respond to the ordered class discovery pursuant to RFPs 8, 9, 10 and Interrog. 3 until such time as the Court rules on the renewed Motion for Stay.").

In other words, Defendant has still not responded to discovery requests—requests that the Magistrate Judge found were proper and ordered Defendant to respond to—that were served almost a year ago. Instead, Defendant used the time the Magistrate Judge gave it to comply to prepare its motions and has granted itself another stay in this matter.

Because Plaintiff does not have (due to Defendant's refusal to produce, even in the face of a Court order requiring it to do so) the full class discovery she required to support her forthcoming

motions for class certification and summary judgment on behalf of herself and the class, Plaintiff has not yet deposed Defendant or the non-parties involved in the calls at issue. Given Defendant's objections to class discovery, any deposition would undoubtedly devolve to objections about scope and result in Plaintiff having to take multiple rounds of depositions of these same entites and, likely, having to seek Court intervention.

Meanwhile, Defendant's motion for summary judgment is supported by numerous declarations (all untested and self-serving) from itself and from non-parties, entities that Plaintiff has not yet deposed because of Defendant's discovery violations. *See* [DE 35] at pgs. 42-43 (Declaration of Defendant's Assistant Controller, Bennet Johnson); *id.* at pgs. 46-47 (Declaration of Direct Marketing Group, LLC's President, Ryan Fuller); *id.* at pgs. 48-49 (Affidavit of Defendant's Assistant Controller, Bennet Johnson); *id.* at pgs. 50-52 (Affidavit of Defendant's Director of IT, Brian Jeffrey Parris); [DE 38-1] (Declaration of WebBuy's Director of Technical Operations, Mike Ohman).

## III. LEGAL STANDARD

Fed. R. Civ. P. 56(d) states, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

"Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (quotations omitted). "Relief under Rule 56(d) is 'broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions.'" *Brown v. Sessoms*, No. 5:19-CT-3208-FL, 2022 U.S. Dist. LEXIS 52381, at

*5 (E.D.N.C. Mar. 23, 2022) (quoting *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 484 (4th Cir. 2014) (quotations omitted)).

## IV. ARGUMENT

Plaintiff respectfully requests that the Court defer Plaintiff's response to Defendant's Motion for Summary Judgment until 21 days after the deadline for the completion of discovery which is currently set as May 27, 2022 (making Plaintiff's response due on June 17, 2022). Plaintiff also requests that the Court order Defendant to (1) produce the discovery it already ordered Defendant to produce, and (2) otherwise comply with this Court's Scheduling Order (which did not bifurcate discovery). In other words, Plaintiff respectfully requests that the Court order Defendant to comply with its Scheduling Order and the Federal Rules of Civil Procedure—something Defendant should have been doing throughout this matter without requiring Court intervention.

Plaintiff's response to Defendant's motion for summary judgment should not be limited to the discovery Defendant believes is relevant in this matter. Further, Plaintiff should not be forced to depose Defendant and the non-party entities in this matter twice, once for the individual discovery Defendant has unilaterally determined is allowed in this matter, and a second time for the class issues (which Defendant has unilaterally determined it will not allow).

Because Plaintiff was forced to move to compel class discovery—discovery that the Magistrate Judge found is appropriate and ordered Defendant to produce—Plaintiff has not deposed Defendant or any other non-party in this matter. These depositions are crucial to both Plaintiff's response to Defendant's motion for summary judgment and to Plaintiff's forthcoming motion for class certification and motion for summary judgment. *See* Declaration of Ignacio J. Hiraldo, at ¶¶ 3-7.

Specifically, Defendant's motion for summary judgment claims that Plaintiff consented to Defendant's calls and provided "express written consent". *See* [DE 33] at pgs. 6-12. Defendant supports this argument with numerous untested declarations from itself and non-parties, and documents attached to the declarations. *Id.*

So that Plaintiff can present facts to refute Defendant's arguments, Plaintiff will seek to depose each of the entities and individuals regarding whether Plaintiff was provided clear and conspicuous disclosures as required under the TCPA. Further, these depositions are relevant to class issues—but, because of Defendant's unilateral bifurcation, Plaintiff will not have the class discovery when she takes these depositions and anticipates that Defendant and these entities will refuse to answer questions they interpret as related to class issues. This will result in Plaintiff having to take these depositions twice, and likely having to seek Court intervention.

In order to avoid this waste of party resources and judicial resources, Plaintiff respectfully requests that the Court defer Plaintiff's response until 21 days after the discovery completion date. This date is currently set by the Court as May 27, 2022 (and Plaintiff's deferred response would be due June 17, 2022). Further, Plaintiff respectfully requests that the Court (again) order Defendant to produce the class discovery it has already been ordered to produced, and to follow the Scheduling Order this Court previously entered, which did not bifurcate discovery.

V. **CONCLUSION**

For the forgoing reasons, Plaintiff respectfully requests the Court to defer ruling on Defendant's Motion for Summary Judgment. In the event the Court deems it appropriate to deny the instant motion, Plaintiff respectfully requests an extension of two (2) weeks from the date of the Court's order to file a response to Defendant's motion for summary judgment.

7

Case 5:21-cv-00173-D   Document 39   Filed 04/04/22   Page 7 of 8

Date: April 4, 2022

Respectfully submitted,

| | |
|---|---|
| *By: /s/ Ignacio Hiraldo*<br>Ignacio Hiraldo, Esq.<br>IJhiraldo@Ijhlaw.com<br>IJH Law<br>1200 Brickell Ave. Suite 1950<br>Miami, FL 33131<br>E: IJhiraldo@IJhlaw.com<br>T: 786-496-4469<br>Pro Hac Vice | DAVID M. WILKERSON<br>NC State Bar No. 35742<br>Attorney for Plaintiff<br>The Van Winkle Law Firm<br>11 N. Market Street<br>Asheville, North Carolina 28801<br>(828)258-299 (phone)<br>(828)257-2767 (fax)<br>dwilkerson@vwlawfirm.com |
| HIRALDO P.A.<br>Manuel S. Hiraldo (pro hac vice)<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713 | |

*Attorneys for Plaintiff and the Proposed Class*