TRACIE BEARD, individually and on behalf of
all others similarly situated,

   *Plaintiff*,

vs.

JOHN HIESTER CHEVROLET, LLC,

   *Defendant*.

# DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Request No. 2: All contracts or agreements between you and any third-party regarding the transmission of the Prerecorded Messages.

SUPPLEMENTAL RESPONSE: None. To the extent responsive, see invoice and payment documents provided, Bates stamped DEF 2nd SUPP RPD DISC RESPONSE pp. 1-64 and 1541-1577.

Request No. 3: All communications between You and any third-party regarding the transmission of the Prerecorded Messages.

SUPPLEMENTAL RESPONSE: Plaintiff has not located any responsive documents in their possession at this time other than, to the extent relevant, invoice and payment documents provided, Bates stamped DEF 2nd SUPP RPD DISC RESPONSE pp. 1-64 and 1541-1577.

Request No. 4: All invoices or receipts regarding payment to any third-party for transmission of the Prerecorded Messages.

SUPPLEMENTAL RESPONSE: See provided pdf document Bates stamped DEF 2nd SUPP RPD DISC RESPONSE pp. 1-64.

Request No. 8: Documents sufficient to identify the following information regarding recipients of Prerecorded Messages: name, home address, email address, phone numbers, and any other personal identifying information.

SUPPLEMENTAL RESPONSE: Defendant is awaiting ruling on Defendant's motion to extend time and renewed motion for stay in regard to this request.

Request No. 9: Documents sufficient to identify each source(s) from which you obtained each telephone number to which Prerecorded Messages were transmitted.

SUPPLEMENTAL RESPONSE: See DEF 2nd SUPP RPD DISC RESPONSE pp. 1-1577. Defendant is awaiting ruling on Defendant's motion to extend time and renewed motion for stay in regard to the portion of this request related to customer information not previously provided.

Request No. 10: All call logs, disposition reports, transmission reports, or computer-generated document, sufficient to identify (1) the total number of Prerecorded Messages attempted, (2) the date and time of each Prerecorded Message was attempted, and (3) the result of each attempted transmission, i.e., whether each transmission was successfully completed.

SUPPLEMENTAL RESPONSE: This information is maintained by Direct Marketing Group and not in the possession of Hiester. It is the understanding of Defendant that Direct Marketing Group provided this requested information to Plaintiff in response to a subpoena issued to Direct Marketing Group and that Direct Marketing Group provided the information which is located at DEF 2nd SUPP RPD DISC RESPONSE pp. 65-1577.

Request No. 15: Documents sufficient to identify the criteria used to select or obtain the list of telephone numbers to which Prerecorded Messages were sent.

SUPPLEMENTAL RESPONSE: Hiester did not supply the criteria used to select or obtain the list. Direct Marketing Group directly accessed the information in Hiester's Dealersocket account/program and, on information and belief, used search criteria to determine which customers and information to request that the Dealersocket program "push" electronically to Direct Marketing Group. Direct Marketing Group would then send the marketing as they determined.

To the extent responsive, see attached documents, Bates stamped DEF 2nd SUPP RPD DISC RESPONSE pp. 65-1540 which represent a collection of customer information gathered by Direct Marketing Group. Upon information and belief, these documents, pp. 65-1540, represent the total number of costumers pushed from Dealersocket to Direct Marketing Group over the period of time noted.

Request No. 16: Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Prerecorded Messages prior to You sending the Subject Prerecorded Messages.

SUPPLEMENTAL RESPONSE: Hiester did not supply the criteria used to select or obtain the list to whom prerecorded messages were sent. Direct Marketing Group directly accessed the information in Hiester's Dealersocket account/program and, on information and belief, used search criteria to determine which customers and information to request that the Dealersocket program "push" electronically to Direct Marketing Group. Direct Marketing Group would then send the marketing as they determined appropriate for a given marketing campaign. To the extent responsive, see attached documents, Bates stamped DEF 2nd SUPP RPD DISC RESPONSE pp. 65-1540 which represent a collection of customer information gathered by Direct Marketing Group. Upon information and belief, these documents, pp. 65-1540, represent the total number of costumers pushed from Dealersocket to Direct Marketing Group over the period of time noted. Further, various entities provided/inputted information into Hiester's Dealersocket and it was, and is, Hiester's understanding and belief that such companies obtained consent for contact from those customers before adding their customer information to Hiester's Dealersocket. Hiester does not know how all the companies who provided information into Hiester's Dealersocket obtained consent. Hiester is aware that Webbuy, one of the companies who provided customer information into Hiester's Dealersocket, had an "I agree" box with Terms of Service, Privacy Policy and Privacy Notice hyperlinks and that the information at the hyperlinks noted that the customer's information would be used for contact for marketing purposes. To the extent responsive, examples of the Terms of Service, Privacy Policy and Privacy Notice have been previously provided to Plaintiff and are also exhibits to Defendant's Motion for Summary Judgment filed March 30, 2022. Further, and to the extent responsive see DEF 2nd SUPP RPD DISC RESPONSE pp. 1541-1577

Request No. 17: Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Prerecorded Messages prior to You sending those individuals Prerecorded Messages.

SUPPLEMENTAL RESPONSE: See Defendant's response to RPD 16 above. Except as for Webbuy, for which the type and process for consent is described above, Hiester does not know the specific type of consent obtained from other vendors who supplied customer information into Dealersocket but believes that said vendors, in one fashion or another, obtained express written consent to contact for marketing purposes. To the extent responsive to this request, see DEF 2nd SUPP RPD DISC RESPONSE pp. 65-1577.

Request No. 22: Documents sufficient to identify the total revenue, if any, You generated as a result of the Prerecorded Messages.

SUPPLEMENTAL RESPONSE: Defendant did not track revenue based on the sending of any prerecorded messages and is not in possession of any financial documents evidencing the type of revenue or sorting for revenue based on sales related to Prerecorded Messages.

Request No. 27: All documents regarding the wording of the Prerecorded Messages, including any scripts of the wording of the Prerecorded Messages.

SUPPLEMENTAL RESPONSE: Defendant is not in possession of any responsive documents. To the extent such it may be responsive, Defendant is in possession of one sample voice recording from Ryan Fuller with Direct Marketing Group which Ryan Fuller made and will produce same if Plaintiff desires.

Respectfully submitted this 31st day of March 2022.

/s/ Robert A. Buzzard

Robert A. Buzzard
BUZZARD LAW FIRM
Counsel for Defendant
728 S. Main Street
PO Box 700
Lillington, NC 27546
(910) 893-2900 (phone)
(910) 758-2457 (fax)
tbuzzard@buzzlawfirm.com
NC State Bar No. 18494

## CERTIFICATE OF SERVICE

I hereby certify that I electronically served the foregoing document, DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT on counsel for Plaintiff via email as follows:

Ignacio Javier Hiraldo
ijhiraldo@ijhlaw.com

David Matthew Wilkerson
dwilkerson@vwlawfirm.com

Manuel Hiraldo
mhiraldo@hiraldolaw.com

This 31st day of March, 2022.

/s/ Robert A. Buzzard
Robert A. Buzzard
BUZZARD LAW FIRM
Counsel for Defendant
728 S. Main Street
PO Box 700
Lillington, NC 27546
(910) 893-2900 (phone)
(910) 758-2457 (fax)
tbuzzard@buzzlawfirm.com
NC State Bar No. 18494